PETER C. CONRAD *et al.* Defendants in Error, *vs.* SELENA A. BARTO *et al.* Plaintiffs in Error.

*Opinion filed February 16, 1916.*

FRAUD—*what is not ground for setting aside a decree and the deeds based thereon.* Where the grantor in a deed employs an attorney to recover the title to the land conveyed and agrees that such title shall be conveyed to certain persons, she is not entitled to complain because the attorney brings about such result by obtaining a decree confirming the title in the grantee and obtaining conveyances vesting the title in accordance with the grantor's agreement instead of obtaining a decree setting aside the deed and vesting the title in her for re-conveyance, and she is not entitled to have the decree and conveyances set aside.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. RICHARD E. BURKE, Judge, presiding.

LEMUEL M. ACKLEY, for plaintiffs in error.

LESLIE H. WHIPP, for defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

Mary Conrad filed her bill in the superior court of Cook county against Lemuel M. Ackley and Selena A. Barto, the plaintiffs in error, to set aside a decree of the superior court and certain deeds. The defendants filed a cross-bill to establish their title, and the court, after a hearing, dismissed the cross-bill for want of equity and entered a decree in accordance with the prayer of the bill. The record has been brought here by a writ of error, to which the administrator and heirs of Mary Conrad are made parties, she having died since the decree was rendered.

Mary Conrad in 1905 had traded her equity in some property in Rogers Park for an equity in another property on Ogden avenue, in Chicago, and in the course of the transaction had conveyed the east 200 feet of the north 110 feet (except streets) of block 64 in Winnetka to William H. Ford, who was·a naked trustee for John T. Bunting and James W. Cutshaw, the brokers through whom she had made the trade. Many years before, Mrs. Conrad had executed a trust deed to William Heineman, trustee, conveying the whole of the north 110 feet (except streets) of block 64 in Winnetka to secure her note for $2200. On July 20, 1906, Joseph Koblenz, together with the trustee, filed a bill to foreclose the trust deed, and on July 23 Mrs. Conrad employed Lemuel M. Ackley, who was.an attorney at law, to represent her. At the same time she told him she had been induced by Bunting and Cutshaw to make the deed of the 200 feet in block 64 in Winnetka by their fraudulent representations that it was to go with the Rogers Park property in exchange for the Ogden avenue property, whereas the Ogden avenue property was exchanged for the Rogers Park property alone, and Bunting and Cutshaw had retained the Winnetka property and were trying to sell it for themselves. On July 25 Ackley began a suit for

Mrs. Conrad against Ford, Bunting and Cutshaw to set aside the conveyance to Ford. On November 26, 1906, Mrs. Conrad conveyed to Selena A. Barto, who was Ackley's sister, at his request, that part of the north two acres (except the south 50 feet thereof) of block 64 in the village of Winnetka east of a line parallel to and 100 feet west of Cedar street, subject to incumbrances not exceeding $1000 and to taxes and special assessments.

The Koblenz mortgage included the north 110 feet (except streets) of block 64. The deed to Ford included the east 200 feet of that north 110 feet, and the deed to Mrs. Barto included all of that east 200 feet east of a line 100 feet west of Cedar street, and also a part of the north two acres of said block 64 immediately south of the north 110 feet, 100 feet in depth, fronting on Cedar street. The Koblenz suit resulted in a decree of foreclosure under which the mortgaged property was sold, and Koblenz obtained a master's deed for it on October 13, 1908. The suit of Mrs. Conrad against Bunting and others resulted in a decree on May 29, 1907, confirming Ford's deed and requiring him to convey to Bunting. This decree and all deeds executed in pursuance of it were set aside by the decree of the court below, as well as the deed from Mrs. Conrad to Mrs. Barto and various other deeds not now necessary to be mentioned.

Mary Conrad, when she employed Ackley in 1906, was a widow sixty-five years old, and was the owner of several flat-buildings and houses in Chicago and Winnetka, all of which were incumbered with mortgages in default, and she was otherwise indebted. Ackley undertook to assist her in the management of the property and in saving her from impending loss through foreclosure. She had no income except the rent of these buildings, all of which was required to prevent the foreclosure of the mortgages. Under Ackley's direction, on August 15, 1906, Mrs. Conrad executed an assignment to the Chicago Title and Trust Company of the rents of all her properties, eight in number, in

trust to pay taxes, costs of litigation and renewal of loans, an income of $50 a month to Mrs. Conrad, and to make payments on incumbrances, all under the direction of Ackley. The rents were collected, and disbursed under Ackley's direction in the payment of taxes, costs, interest, repairs and other expenses, until July, 1908. During this time Ackley attended to Mrs. Conrad's interests in connection with her property, to the foreclosure suit and other litigation which she had. Nothing was paid to him and no agreement was made about his compensation until November 26, 1906. At the time of the conveyance to Mrs. Barto, on that day Ackley gave Mrs. Conrad a writing, whereby, in consideration of the conveyance to Mrs. Barto, he agreed to take care of all litigation in reference to her property, which was specifically mentioned, and to do everything that could be done to put it upon a safe and paying basis, with no other compensation. Mrs. Conrad was to have the benefit of his advice and oversight at all times and his services in the defense of the Koblenz foreclosure suit and in the suit against Bunting and others.

The suit of Mrs. Conrad against Ford, Bunting and Cutshaw was compromised. Bunting and Cutshaw agreed to give the property which had been conveyed to Ford for Bunting back to her if she would pay them a commission for making the trade of the Rogers Park property for the Ogden avenue property. On Ackley's advice she accepted this proposition, and through him raised the money by means of her two notes for $125 each, secured by a mortgage on another piece of property. By the time this arrangement was made, Ford, who held the legal title, had left Chicago and a deed could not be procured from him personally. Ackley might have taken a decree restoring the title to Mrs. Conrad, but he preferred not to do so, for the reason assigned by him that Ford was not a party to the foreclosure suit and Mrs. Conrad was, and it was likely that a deficiency decree would be rendered against her. He

therefore advised her to have the title to that part of the premises which she had not conveyed to Mrs. Barto conveyed to Mrs. Conrad's daughter, Mary Elizabeth Conrad. Under Ackley's direction Bunting conveyed the 200 feet to Mrs. Barto, and Mrs. Barto conveyed all of that part of it west of a line 100 feet west of Cedar street to Mary Elizabeth Conrad. This last deed was made on April 1, 1907. On May 29, 1907, a decree was entered in the suit of Mrs. Conrad against Ford and others, dismissing Mrs. Conrad's bill and requiring Ford to convey the premises involved to Bunting. This decree purported to be entered with the consent of all the parties. Upon Ford's failure to comply with the decree a master conveyed the premises to Bunting, and by reason of the prior deeds of Bunting and Mrs. Barto the title vested in Mary Elizabeth Conrad and Mrs. Barto according to their respective deeds. On July 30, 1911, Mrs. Conrad filed the bill in this case. It does not mention the deed of November 26, 1906, from Mrs. Conrad to Mrs. Barto, except that in the prayer it asks that this deed may be set aside. There is no allegation in the bill on which to base the prayer for this relief, but the decree granted it.

As reasons for setting aside the decree of May 29, 1907, it is averred that Ackley, while representing the complainant as her attorney, prepared and caused to be filed the answers of the several defendants and afterward caused the decree to be entered whereby the complainant's bill was dismissed, the answer of the defendants was ordered to stand as a cross-bill and Ford was decreed to convey to Bunting the east 200 feet of the north 110 feet (except streets) of block 64 in Winnetka, which it was the object of the bill to have vested in the complainant. Ackley and Mrs. Conrad were the only witnesses who testified to anything material to the merits of the case. Ackley testified that after the settlement of the case against Ford, Bunting and Cutshaw was agreed on, Ford disappeared, and as he held the

.legal title Bunting and Cutshaw were unable to re-convey. Therefore, in order to get the title in Bunting so that it could be conveyed to Mary Elizabeth Conrad, answers were filed by Bunting and Cutshaw. These answers were prepared by Ackley, and averred that the conveyance to Ford was made for Bunting's benefit and in consideration of Bunting's procuring the exchange of the Ogden avenue property for the Rogers Park property, and that no fraud was practiced. upon the complainant or misrepresentation made to her to procure it. Ackley procured the entry of the decree, which states on its face that it was made by the consent of all parties. There is no contradiction of Ackley's statement that the case was settled for a consideration of $200 paid by Mrs. Conrad to Bunting and Cutshaw, and that Mrs. Conrad executed her notes for $250 to raise that amount for that purpose. The effect of the decree was to place the title where Mrs. Conrad desired it to be,—that is, the west part of the 200 feet in her daughter and the east part in Mrs. Barto, to whom Mrs. Conrad had herself conveyed it by the deed of November 26. No harm was done to her by the decree.

It is true that Mrs. Conrad testified that she does not remember whether Ackley ever told her of the decree which was rendered in the case against Bunting and Cutshaw, and that she did not know that the decree prepared found that Bunting and Cutshaw had not defrauded her, and that she still believed that they had defrauded her and that she told Ackley so. There is no evidence tending to show that Bunting and Cutshaw had defrauded her. Ackley testified that he notified Mrs. Conrad of every step in the negotiations and that her approval was received at every stage of the transaction, except where something was to be done of a technical nature that would not be understood by her, but that the results to be accomplished were explained to her and agreed to by her. It is clear that she knew about the settlement with Bunting and Cutshaw. The result to be

accomplished by the suit against them was the restoration of the title to the property to her. That result was accomplished by the decree entered, for while the title was not restored to her, this was done, in effect, by the conveyance of the title in accordance with her directions. Whether Ackley's reasons for having the decree entered confirming the title in Ford were sufficient or insufficient, no harm came to Mrs. Conrad by reason of that decree, and there was no basis in the evidence for saying that she had been defrauded by any of the transactions set out in her bill. The decree of the court on the original bill is not sustained by the evidence.

The relief prayed by the cross-bill is, that the master's deed to Koblenz under the foreclosure proceedings be construed to convey only that part of block 64 north of a line parallel with and 77 feet south of the south line of Ash street, and that Mary Conrad be decreed to have conveyed the premises to Selena A. Barto and to have no interest in them. It is averred that Ash street is 66 feet wide and the north line of block 64 is the center line of Ash street, but Koblenz claims that he is entitled to possession of 110 feet south of the south line of Ash street, and the master's deed therefore constitutes a cloud on the title of the plaintiffs in error. There is no allegation that the complainants were in possession of the premises, and therefore it was not sufficient to sustain a decree to quiet the title and no grounds of equitable relief against Mary Conrad were stated.

The decree will be affirmed as to the dismissal of the cross-bill but as to the original bill it will be reversed and the cause will be remanded, with directions to dismiss the bill.

*Reversed and remanded, with directions.*